ESTATE OF Trinity BOWMAN, By and Through Lonnie BOWMAN, as Special Administrator, (son, deceased), Emma Wright, as mother and best friend of Katrina Bowman, Quintin Bowman and Trinetta Bowman, minor children of the deceased, and Lisa Walton, as mother and best friend of Trinity Walton, a minor child of the deceased, Bessie Meadowbrook, mother of the deceased, Plaintiffs,

v.

Roosevelt JOHNSON, Security Enforcement Services, Inc., and the Chicago Housing Authority, Defendants.

No. 91 C 3077.

United States District Court,
N.D. Illinois, E.D.

Dec. 19, 1991.

Kevin Barry Rogers, Adrian Emil Mazar, Kevin Rogers & Associates, Chicago, Ill., for plaintiffs.

Jeremiah P. Connolly, George J. Manos, Anthony James Madormo, Robert Paul

---

Norman, Bollinger, Ruberry and Garvey, Chicago, Ill., for defendants Roosevelt Johnson and Sec. Enforcement Services.

Joseph Michael Gagliardo, James J. Convery, Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd., Chicago, Ill., for defendants Vincent Lane and Chicago Housing Authority.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This action arises from the shooting death of Trinity Bowman by defendant Roosevelt Johnson, a private security guard employed by defendant Security Enforcement Services, Inc. Plaintiffs' original complaint, filed on May 20, 1991, included the Chicago Housing Authority ("CHA") and its Executive Director, Vincent Lane, as defendants. By minute order dated September 19, 1991, however, Lane was voluntarily dismissed without prejudice, pursuant to Fed.R.Civ.P. 41. On October 16, 1991, the CHA and Lane served on plaintiffs an offer of judgment.[1] Presently before this court is plaintiff Lonnie Bowman's motion for relief from judgment, filed pursuant to Fed.R.Civ.P. 60.

The gravamen of Bowman's motion is her contention that Lane does not have standing before this court to make an offer of judgment, rendering the October 16 offer a nullity. Bowman's concern over the effect of this offer is understandable. Indeed, Fed.R.Civ.P. 68 provides that, if Bowman were to reject the offer and subsequently obtain a judgment less favorable than that offer, she would be obligated to pay the costs incurred after the making of the offer. This concern, however, does not render the issue of Lane's standing justiciable. To date, there has been no entry of a final judgment—an unmistakable requirement of Rule 60(b).[2] *See* Fed.R.Civ.P. 60(b). Moreover, as a matter of constitutional law, in the absence of a judgment less favorable than the terms of the offer, Bowman's current motion is not ripe for adjudication. *See Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n*, 461 U.S. 190, 201, 103 S.Ct. 1713, 1721, 75 L.Ed.2d 752 (1983) (threat of injury must be "certainly impending") (quoting *Rail Reorganization Act Cases*, 419 U.S. 102, 143, 95 S.Ct. 335, 358, 42 L.Ed.2d 320 (1974)); *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49, 152, 87 S.Ct. 1507, 1515–17, 18 L.Ed.2d 681 (1967) (impact on petitioners must be sufficiently direct and immediate in order to render the issue appropriate for judicial review). We note that reservation of judgment at this point in the proceedings does not result in any hardship to Bowman. The question of the validity of the October 16, 1991, judgment offer appropriately may be resolved in a post-judgment motion for costs and attorney fees. *See Kern v. Reiter*, No. 86–10229, slip op. at 2–3 (N.D.Ill. 1988) (within the posture of a post-judgment motion for attorney fees, holding that the judgment offer in question was not a Rule 68 offer).

Accordingly, as Bowman's pending motion neither meets the requirements of Fed.R.Civ.P. 60 nor is ripe for adjudication, it is denied. It is so ordered.

---

1. This offer provides in pertinent part:
   The Chicago Housing Authority and Vincent Lane in both his individual and official capacities, by their attorneys, Laner, Muchin, Dombrow, Becker, Levin and Tominberg, Ltd. do hereby make this offer, pursuant to Rule 68, Fed.R.Civ.P., to allow judgment to be taken against them by plaintiffs in the above captioned case, in the above cause, in the amount of $1,000 plus costs and reasonable attorneys

fees heretofore accrued in connection with this claim.

2. Although Bowman's motion does not specify whether it was brought pursuant to subsection (a) or (b) of Rule 60, subsection (a) is clearly inapplicable as the instant circumstance does not involve a clerical mistake in a judgment, order or other part of the record. *See* Fed.R.Civ.P. 60(a).